IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN RUIZ,

       Plaintiff,

vs.                                         No.  98cv1414 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Ruiz') Motion to Reverse and/or Remand Administrative Decision, filed July 6, 1999.  The Commissioner of Social Security issued a final decision denying Ruiz' application for a disability insurance benefits and supplemental security income.  The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to reverse or remand is not well taken and recommends that it be DENIED.

Ruiz, now fifty years old, filed his application for disability insurance benefits and supplemental security income on March 18, 1996 (Tr. 107, 288), alleging disability since March 24, 1994, due to (1) chronic back pain and  (2) head, arm, and right leg numbness and pain.  On August 28, 1997, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Ruiz did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1.  The ALJ specifically reviewed sections 1.00 and 11.00 of the Listings and found Ruiz' condition was not

severe enough to be deemed presumptively disabled.  The ALJ further found Ruiz' "testimony and reports of subjective complaints and functional limitations, including pain, was (sic) not supported by the evidence and therefore lacked credibility."  Tr. 33.  Ruiz filed a Request for Review of the decision by the Appeals Council.  On September 30, 1998, the Appeals Council denied Ruiz' request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Ruiz seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  *Thompson v. Sullivan*,  987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is

not engaged in substantial gainful employment, he has an impairment or combination of

impairments severe enough to limit his ability to do basic work activities, and his impairment

meets or equals one of the presumptively disabling impairments listed in the regulations under 20

C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20

C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to

the Commissioner to show the claimant is able to perform other substantial gainful activity

considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Ruiz makes the following arguments: (1)

the ALJ erred in his legal analysis concerning his credibility; and (2) the ALJ failed to critically

analyze the combined impact of Plaintiff's impairments.

"Credibility determinations are peculiarly the province of the finder of fact and will not be

upset when supported by substantial evidence."  *Diaz v. Secretary of Health and Human Servs.*,

898 F.2d 774, 777 (10th Cir. 1990).  However, "[f]indings as to credibility should be closely and

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."

*Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988).  Additionally, subjective complaints

must be evaluated in light of the claimant's credibility as well as the medical evidence.  *Musgrave*

*v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992).  It is clear from the ALJ's August 28, 1997

Decision that he discounted the significance of claimant's subjective complaints of disabling

conditions because of a lack of objective corroborative evidence which is appropriate.  *See Diaz*

*v. Secretary of Health & Human Servs.,* 898 F.2d at 777.

The ALJ set forth the specific evidence he relied on in evaluating Ruiz' credibility.  The

ALJ's Decision cited to the following evidence: (1) Ruiz' May 1994 MRI which indicated Ruiz

3

suffered from mild degenerative disc disease and no spinal stenosis (Tr. 172); (2) Ruiz' July, 1994

functional capacities assessment (FCA) in which the Assessment Specialist invalidated the results

due to Ruiz manipulating the results and concluding the FCA did not reflect Ruiz' true level of

functioning (Tr. 141); (3) Dr. Murati's July 12, 1994 letter concurring with the Assessment

Specialist's opinion regarding the invalidity of the FCA (Tr. 176)); (4) Dr. Blaty's September 28,

1994 letter in which he suspected a psychogenic component related to Ruiz' marked pain

behavior (Tr. 174); (5) Dr. Davis' May 28, 1996 consultative examination indicating there was no

medical basis for Ruiz' complaints of back pain, numbness of the right leg or his reports of

difficulties with activities (Tr. 181-183); and Ruiz's most current medical records indicating Ruiz'

complaints were nonorganic in nature, his EMG, x-rays and lab work were normal and more than

one notation by his treating physicians questioning whether Ruiz was malingering.  Tr.184

(lumbar spine x-rays– mild to moderate spurring, otherwise normal); Tr. 194 (normal neurological

exam, complaints psychogenic); Tr. 205 (Dr. Spiegel– NCV, EMG normal, puzzling exam); Tr.

207 ( "no findings" "malingering"); Tr. 210("complaints of weakness & numbness are felt to be

nonorganic in nature"); Tr. 221 (exam normal, EMG normal, puzzling exam).  Accordingly, Ruiz'

argument that the ALJ erred in his legal analysis concerning his credibility is without merit.  The

ALJ applied correct legal standards and his finding that Ruiz' testimony and reports of subjective

complaints and functional limitations, including pain, lacked credibility is supported by substantial

evidence.

Ruiz'  also contends the ALJ failed to critically analyze the combined impact of Plaintiff's

impairments.  The Court disagrees.  The ALJ's Decision lists chronic pain in Ruiz' "back, and

head, arm and right leg numbness and pain."  Tr. 32.  Additionally, at the administrative hearing,

4

the ALJ directed the vocational expert to consider Ruiz' education, age, experience, the fact that

he could not speak, read or write English.  Tr. 73.  The ALJ considered all of Ruiz' subjective

complaints and functional limitations in light of all the medical evidence in the record which

indicated a nonorganic basis for those complaints, including the opinion of more than one medical

provider questioning the possibility of malingering.   The ALJ was not required to include

limitations in the hypothetical questions which he found were not supported by the evidence.

*Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995)(ALJ must include only those impairments

borne out by the evidentiary record).   The Court finds the ALJ properly analyzed the combined

impact of Plaintiff's impairments and his determination of nondisability is supported by substantial

evidence.

## RECOMMENDED DISPOSITION

The ALJ  applied correct legal standards and his decision is supported by substantial

evidence.  Ruiz' Motion to Reverse and/or Remand Administrative Decision, filed July 6, 1999,

should be denied, and this case should be dismissed.


_____

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE</u>

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.